UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| INTERNATIONAL MARKETS LIVE, INC. d/b/a IM MASTERY ACADEMY, <br><br> Plaintiff <br><br> v. <br><br> DAVID IMONITIE, et al., <br><br> Defendants | Case No.: 2:22-cv-01006-APG-EJY <br><br> **Order** <br><br> [ECF No. 3] |

Plaintiff International Markets Live, Inc. (IML) moves for a temporary restraining order enjoining defendants David Imonitie, Devon Roeser, Spela Sluga, Ivan Tapia, Nvisionu, Inc., and ILYKIT, LLC from soliciting IML's customers and representatives, and from disclosing or using IML's confidential and proprietary information. ECF No. 3.  IML also requests that I grant the TRO *ex parte*.  But IML "intends to provide notice to the Defendants," so its request for an *ex parte* order is moot. *Id.* at 21.  Even if IML did not intend to provide prior notice to the defendants, I would deny its request because there is no indication of a need for an *ex parte* order.

IML claims I have diversity jurisdiction over this case under 28 U.S.C. § 1332.  But the complaint does not identify the citizenship of the members of defendant ILYKIT, LLC, which it identifies as a Utah limited liability company. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens").  Additionally, IML's allegations about its own citizenship are unclear.  IML states that it is a New York corporation "with corporate offices in Lehi, Utah."

ECF No. 1 at 2.  It is unclear whether IML is alleging that its principal place of business is in Utah.  As the party seeking to invoke this court's jurisdiction, IML bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).  Consequently, I will order it to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

IML also submitted an exhibit for my *in camera* review.  IML has not provided a sufficient evidentiary basis to support maintaining this exhibit as confidential, so I will order IML to provide it to the defendants.

I THEREFORE ORDER plaintiff International Markets Live, Inc. to immediately provide to the defendants copies of the complaint, the motion for temporary restraining order, all moving papers (including the exhibit filed *in camera*), and a copy of this order **via email by June 28, 2022 at 12:00 p.m. PDT, and through formal service of process by June 30, 2022.**

I FURTHER ORDER IML to file by **July 1, 2022**: (1) proof that it emailed the papers referenced above to the defendants by June 28, 2022 at 12:00 pm PDT, and (2) proof of service on the defendants as required under Federal Rule of Civil Procedure 4 if they have successfully served the defendants by then.  If IML has not served the defendants, then IML shall provide a statement of its service efforts up to that date.

I FURTHER ORDER that by **July 6, 2022**, IML shall show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction.  If IML does not file a response by that date, the case will be dismissed without prejudice for lack of subject matter jurisdiction.

I FURTHER ORDER that the defendants have until **July 7, 2022** to file a response to the motion for temporary restraining order.

I FURTHER ORDER that I will hold a hearing on the motion for a temporary restraining order on **Monday, July 11, 2022 at 2:00 p.m. PDT.** This hearing will be conducted by videoconference. The courtroom administrator will provide counsel with the link to attend the video conference. Members of the public seeking access to this hearing must contact the courtroom administrator Melissa Johansen by email at Melissa_Johansen@nvd.uscourts.gov before the day of the hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings. Violation of these prohibitions may result in sanctions, including removing court-issued media credentials, restricted entry to future hearings, denial of access to future hearings, or any other sanctions deemed necessary by the court. Counsel is reminded that this is a formal court proceeding and that proper courtroom attire is expected.

DATED this 27th day of June, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE